## THOMAS JONES, ET AL., *v.* JOHN SHILETTO & CO.

**Liability of Sheriff and His Sureties.**

In case it is sought to hold a sheriff and his sureties liable for loss sustained because of the acceptance of an insolvent surety on a replevin bond the plaintiff must allege and prove two things, namely: Insolvency of the surety and damage to the execution plaintiff by reason of the acceptance of such insufficient security.

**Pleading.**

When it is sought to hold a sheriff and his sureties liable for damages sustained because of the acceptance of an insolvent surety on a replevin bond, facts must be pleaded showing such insolvency and showing that damages resulted to plaintiff. It must be alleged and proved that the execution defendant was solvent when the replevin bond was executed, and that during the time for which the power to enforce the judgment was in abeyance by reason of the execution of the replevin bond, the execution defendant became insolvent.

APPEAL FROM CAMPBELL CIRCUIT COURT.
April 15, 1880.

OPINION BY JUDGE HINES:

The appellees, having a judgment and execution against one Jordan, had execution placed in the hands of appellant, Jones, then sheriff, who permitted the debt to be replevied with one Wade as surety. Execution issued on the replevin bond against Wade, and was returned "no property found," and subsequently execution issued against Jordan and was returned in the same way. This action was then brought against the sheriff and his sureties in the official bond to recover the amount of the debt. The petition alleges these facts, and that Wade was insolvent at the time the replevin bond was executed, but makes no allegation as to the insolvency of Jordan, and charges that by reason of the sheriff accepting the insolvent security on the bond appellees were damaged in the amount of their debt. To this petition a general demurrer was interposed and overruled, and that ruling is first complained of as error.

The statute applicable to this question provides that the officer "and his sureties, or their representatives, shall be jointly and severally liable to the person injured, for any damage he may sustain by taking surety thereon who is not solvent when received."

It appears that to make out a cause of action in a case like this two things must exist, first, insolvency of the surety on the replevin bond, and, second, damage to the execution plaintiff by reason of the acceptance of the insufficient security. The fact of the insolvency of the surety and the facts showing that damage was sustained must be pleaded in an issuable manner. It is not sufficient to allege that the plaintiff suffered damage without stating facts going to show the court that damage did result, and to this end it must be alleged and proved that the execution defendant was solvent when the replevin bond was executed, and that, during the time for which the power to enforce the judgment was in abeyance by reason of the execution of that bond, the execution defendant became insolvent, otherwise there is nothing to show that any damage has been sustained. Without allegation and proof to that effect no recovery can be had. The court below should have sustained the demurrer to the petition.

The instruction to the jury should have followed the language of the statute as to the solvency of the surety in the replevin bond.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings.

*J. R. Hallam, for appellants.   O. W. Root, for appellees.*